# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr1 |
| | § | (Judge Crone) |
| GERARDO ZEA-LUNA (4) | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss Indictment for Lack of Venue or Transfer Prosecution (Dkt. #27). Having considered the relevant pleadings and the applicable law, the Court finds that Defendant's motion should be denied.

## Background

Defendant is charged in Count One of the Indictment with Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture or Distribute Cocaine and/or Marijuana in violation of 21 U.S.C. § 846. The Indictment alleges that Defendant conspired with other persons known and unknown to the grand jury. Specifically, the Indictment alleges "[t]hat from in or about 2001...in the Eastern District of Texas and elsewhere" Defendant conspired with others.

On September 18, 2012, Defendant filed his motion to dismiss for lack of venue or to transfer (Dkt. #27). On September 19, 2012, the motion was referred to the undersigned (Dkt. #28). On October 31, 2012, the United States filed a response (Dkt. #33).

Defendant asserts that there are no facts in the Indictment that would place venue in the Eastern District of Texas.

## Analysis

Because a conspiracy is a "continuing offense," it may be prosecuted in any district in which the conspiracy was "begun, continued, or completed." 18 U.S.C. § 3237(a). Venue in a conspiracy case is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed. *See, e.g., United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir.

1994); *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984). This is true even when a particular defendant never sets foot in that district. *United States v. Acosta*, 763 F.2d 671, 681 (5th Cir. 1985); *see United States v. Garcia Abrego*, 141 F.3d 142, 154 (5th Cir. 1998). When considering a motion to dismiss, the Court considers all well-pleaded facts as true. *United States v. S. Fla. Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964); *United States v. Emilor*, No. 6:07–CR–1, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008).

The Federal Rules of Criminal Procedure provide, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18. 18 U.S.C. section 3237(a) provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

*See also United States v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002).

In his motion, Defendant argues that venue is improper in this district because there are no facts or overt acts contained in the Indictment.

When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975). Defendant has been charged with committing a conspiracy in the Eastern District of Texas, which is sufficient to provide venue in this district for the purposes of the Indictment. As the Fifth Circuit discussed in *Solis*, whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal. *Solis*, 299 F.3d at 444–45.

After taking the allegations in the Indictment as true, the Court finds that venue is proper in the Eastern District of Texas. Defendant offered no evidence showing that the alleged offense was

not "begun, continued, or completed" in this District. Therefore, the Court finds there are sufficient facts to find that the claims against Defendant are properly brought in the Eastern District of Texas and that Defendant's motion to dismiss should be denied.

## **RECOMMENDATION**

Pursuant to the foregoing, it is RECOMMENDED that Defendant's Motion to Dismiss Indictment for Lack of Venue or Transfer Prosecution (Dkt. #27) be DENIED at this time.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 6th day of November, 2012.

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE