# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:12cr1 |
| | § | (Judge Crone) |
| GERARDO ZEA-LUNA | § | |

### AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Dismiss Indictment for Lack of Venue or Transfer Prosecution (Dkt. #27). Having considered the relevant pleadings, and the applicable law, the Court finds that Defendant's motion should be denied.

### Background

Defendant is charged in Count One of the Indictment with Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture or Distribute Cocaine and/or Marijuana, in violation of 21 U.S.C. § 846. The Indictment alleges that Defendant conspired with other persons known and unknown to the grand jury. Specifically, the Indictment alleges "[t]hat from in or about 2001...in the Eastern District of Texas and elsewhere" Defendant conspired with others.

On September 18, 2012, Defendant filed his motion to dismiss for lack of venue or to transfer (Dkt. #27). On September 19, 2012, the motion was referred to the undersigned (Dkt. #28). On October 31, 2012, the United States filed a response (Dkt. #33).

Defendant asserts that there are no facts in the Indictment that would place venue in the Eastern District of Texas. On November 6, 2012, the undersigned issued a report and recommendation that the motion to dismiss be denied (Dkt. #34). On November 20, 2012, Defendant filed objections (Dkt. #38). On November 30, 2012, United States District Judge Marcia Crone entered an order that provided as follows:

> After considering the objections and pursuant to 28 U.S.C. § 636(b)(1), the Court recommits this matter back to the Magistrate Judge to either hold an evidentiary hearing or allow the Government to provide additional supplementation that establish

facts that support venue in the Eastern District of Texas. The Magistrate Judge shall then supplement or amend the report to the Court (Dkt. #39).

The Court then conducted a hearing on December 18, 2012. The Government called an agent that testified regarding the various connections of this Indictment to the Eastern District of Texas. Defendant did object to the agent's testimony as being hearsay. The Court overruled the objection for purposes of establishing venue for this hearing. On December 19, 2012, Defendant filed a Memorandum of Law objecting to the use of hearsay at the pretrial hearing (Dkt. #41).

**Analysis**

Because a conspiracy is a "continuing offense," it may be prosecuted in any district in which the conspiracy was "begun, continued, or completed." 18 U.S.C. § 3237(a). Venue in a conspiracy case is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed. *See, e.g., United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994); *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984). This is true even when a particular defendant never sets foot in that district. *United States v. Acosta*, 763 F.2d 671, 681 (5th Cir. 1985); *see United States v. Garcia Abrego*, 141 F.3d 142, 154 (5th Cir. 1998). When considering a motion to dismiss, the Court considers all well-pleaded facts as true. *United States v. S. Fla. Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964); *United States v. Emilor*, No. 6:07–CR–1, 2008 WL 2152279, at *18 (E.D. Tex. May 21, 2008).

The Federal Rules of Criminal Procedure provide, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18. 18 U.S.C. section 3237(a) provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

*See also United States v. Solis*, 299 F.3d 420, 444–45 (5th Cir. 2002).

In his motion, Defendant argues that venue is improper in this district because there are no facts or overt acts contained in the Indictment.

When evaluating a motion to dismiss the indictment, allegations contained in the indictment are taken to be true. *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975). Defendant has been charged with committing a conspiracy in the Eastern District of Texas, which is sufficient to provide venue in this district for the purposes of the Indictment. As the Fifth Circuit discussed in *Solis*, whether venue is ultimately proper in this district can be reconsidered in the context of a motion for judgment of acquittal. *Solis*, 299 F.3d at 444–45. Moreover, after conducting a hearing, the Government provided sufficient venue facts. These facts were not contested at the hearing.

However, Defendant did object to the testimony of the agent as hearsay. The Court overruled this objection, finding that it was proper in the context of addressing the pretrial motion. The question is whether it is appropriate for the Court to rely upon hearsay from the Government's agent with regard to Defendant's pretrial challenge to venue. The parties do not cite the Court to any decision by the Fifth Circuit, and the Court cannot locate any decision, that addresses this question. At the hearing, the Court overruled the objection, and after considering Defendant's memorandum, the Court finds that it is appropriate to rely upon hearsay at a pretrial hearing challenging venue.

"The trial court must, of course, have discretion in deciding how extensive a hearing to allow on a pretrial motion. After all, the court is not required to hold an evidentiary hearing on pretrial motions at all." *United States v Fischel*, 686 F.2d 1082, 1095 (5th Cir. 1982).[1] In this case, the Court was not required to conduct an evidentiary hearing and could have allowed the United States to merely supplement its response with additional venue facts.

There are several instances where hearsay is admissible in court hearings. For instance,

---

[1] Defendant's memorandum cites *Fischel* regarding the district judge's decision to prohibit a defendant from calling the Government's informant to testify.

Defendant's memorandum acknowledges that hearsay is proper in suppression hearings, citing *McCray v. Illinois*, 386 U.S. 300 (1967). The Court can also consider hearsay at pretrial detention hearings as well as at sentencing hearings. *See Solis*, 299 F.3d at 455; *United States v. Trosper*, 809 F.2d 1107, 1111 (5th Cir. 1987); 18 U.S.C. § 3142(f). However, when the issue is a defendant's competency to stand trial, a pretrial service officer's opinion of what she thinks the doctor would say has been held to be inadmissible hearsay. *See United States v. Hutson*, 821 F.2d 1015 (5th Cir. 1987).

The Fifth Circuit has not adopted a per se rule on allowing hearsay at pretrial hearings when guilt or innocence is not an issue, but in *Fischel*, the Court did explain as follows:

> While we are not prepared to hold that hearsay testimony through government agents is always sufficient at a pretrial hearing in which guilt or innocence is not to be determined, *see McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056 (1967), here we see little that Fischel could have added to his case by personally interviewing Marlin before the hearing. The essential issue in Fischel's governmental misconduct motion was the extent of the government's tolerance of Marlin's drug dealing. Agent Braziel's testimony reveals what the government knew of Marlin's activity. While a personal interview with Marlin might have exposed more activity by Marlin, such activity would not be relevant to Fischel's motion if the government was unaware of it. There is no assertion that Braziel's testimony was untrustworthy or inadequate on this point. The assertion rather is one of an automatic right of access to Marlin. While it may have been desirable for Fischel to have interviewed Marlin, the loss of this opportunity did not work any prejudice to Fischel.

*Fischel*, 686 F.2d at 1094.

Defendant asserts that in this case we are not dealing with probable cause or what the police or Government knew at any particular point in time, but the issue of venue is an element of the offense that the Government cannot prove with inadmissible hearsay. Defendant is correct that at trial, the Government would have to prove the issue of venue with competent and admissible evidence. At trial, the Government cannot rely upon hearsay testimony of an agent to support venue. There is nothing in the rules that requires the Court to take testimony at a hearing to establish venue. Defendant's memorandum fails to cite the Court to any case that states that the Court cannot take

hearsay testimony on the issue of venue. The Court sees no problem with allowing hearsay testimony to support venue in an evidentiary hearing for purposes of a pretrial challenge to venue. The Government is merely required to present facts that would allow the Court to determine that venue is proper in the Eastern District of Texas.

After taking the allegations in the Indictment as true and accepting the evidence presented at the December 18, 2012 hearing, the Court finds that venue is proper in the Eastern District of Texas. Defendant offered no evidence showing that the alleged offense was not "begun, continued, or completed" in this District. Therefore, the Court finds there are sufficient facts to find that the claims against Defendant are properly brought in the Eastern District of Texas and that Defendant's motion to dismiss should be denied. Defendant can raise this issue again during the trial.

## RECOMMENDATION

Pursuant to the foregoing, it is RECOMMENDED that Defendant's Motion to Dismiss Indictment for Lack of Venue or Transfer Prosecution (Dkt. #27) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of January, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE